UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUINAULT INDIAN NATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD A. COMENOUT, et al.,<br><br>　　　　　Defendants. | CASE NO. C10-5345 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO DISMISS AND DENYING AS MOOT DEFENDANT ESTATE OF EDWARD COMENOUT'S MOTION TO AMEND |

This matter comes before the Court on Plaintiff Quinault Indian Nation's ("Nation") motion to voluntarily dismiss its complaint and motion to dismiss counterclaims (Dkt. 59) and Defendant Estate of Edward Comenout's ("Estate") motion to amend its counterclaims (Dkt. 63).  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the Nation's motions and denies the Estate's motion as moot for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This lawsuit is one of many ongoing disputes involving Edward Comenout, the Indian Country Store, and the payment (or lack thereof) of cigarette taxes. *See, e.g.*, *Comenout v. Washington*, 722 F.2d 574 (9th Cir. 1983); *Matheson v. Kinnear*, 393 F. Supp. 1025 (W.D. Wash. 1974); *State v. Comenout*, 173 Wn.2d 235 (2011).

Edward Comenout was an enrolled member of the Nation, a federally recognized Indian tribe. Dkt. 1, Complaint ("Comp.") ¶¶ 1.1, 2.1. In 1971, Edward Comenout began operating the Indian Country Store. *Id.* ¶¶ 2.1, 2.3. The store is located in Puyallup, Washington on land held in trust by the United States. *Id.* ¶ 2.1. The store sells cigarettes and tobacco products to both tribal and non-tribal members. *Id.* ¶ 2.3.

In 2005, the Nation and the State of Washington ("State") entered into a cigarette tax compact. *Id.* ¶ 1.7. Pursuant to the compact, the Nation retains one hundred percent of the state excise taxes assessed on cigarettes. *Id.* ¶ 1.8. In 2006, the Nation enacted a Cigarette Sales and Tax Code, which implemented the compact and assessed a cigarette tax on both tribal and non-tribal members. *Id.* ¶ 1.11.

On May 14, 2010, the Nation brought suit against various defendants, including Edward Comenout (collectively "Defendants"). Comp. The Nation alleges that Defendants violated the Racketeering Influence and Corrupt Organizations Act ("RICO") by defrauding the Nation of cigarette taxes. *Id.* ¶¶ 5.1–8.6. The Nation seeks a total of ninety million dollars in unpaid tax revenue. *Id.* The Nation also asserts a breach of contract claim against Edward Comenout, and seeks thirty million dollars in damages. *Id.* ¶ 9.1–9.6.

On June 4, 2010, Edward Comenout passed away. Dkt. 20 at 2. On December 8, 2010, the Estate was substituted as a defendant. Dkt. 27.

On December 30, 2010, the Estate asserted counterclaims against the Nation. Dkt. 28. The Estate alleges that the Nation wrongfully denied Edward Comenout of "a right to have an interest" in land that he leased from a fellow tribal member. *Id.* at 11–12. The

Estate seeks a declaratory judgment, a writ of mandamus, and lost profits. *Id.* at 13. The Estate also alleges that the Nation "agreed with the State of Washington to fix the wholesale and retail price of cigarettes to customers in the relevant market area [and] therefore has participated in an illegal conspiratorial enterprise with the State." *Id.* at 15. The Estate seeks treble damages for lost income. *Id.* at 16.

On February 2, 2015, the Nation moved to dismiss its suit without prejudice. Dkt. 59. The Nation also moved to dismiss the Estate's counterclaims. *Id.* On February 11, 2015, the Estate responded. Dkt. 62. On February 27, 2015, the Nation replied. Dkt. 67.

On February 26, 2015, the Estate moved to amend its answer and counterclaim. Dkt. 63. On March 16, 2015, the Nation responded. Dkt. 70. The Estate did not file a reply.

## II. DISCUSSION

**A.    Nation's Motions to Dismiss**

The Nation moves to voluntarily dismiss its complaint without prejudice under Federal Rule of Civil Procedure 41(a)(2). Dkt. 59 at 6–8. The Estate objects to dismissal, arguing that its counterclaims are valid and should be decided. Dkt. 62 at 2, 23. The Nation contends that the Court should dismiss the Estate's counterclaims because they are barred by the Nation's sovereign immunity. Dkt. 59 at 4.

**1.    Rule 41(a)(2)**

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "If a defendant has pleaded a counterclaim before being served with plaintiff's motion to

dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.* The decision to grant or deny a request pursuant to Rule 41(a)(2) is within the sound discretion of the district court and is reviewed only for abuse of discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

### 2.   Estate's Counterclaims

In this case, the Estate asserted counterclaims before the Nation moved to voluntarily dismiss its complaint. *See* Dkts. 28, 59. Pursuant to Rule 41(a)(2), the Court may not dismiss this action over the Estate's objections unless the Estate's counterclaims can remain pending for independent adjudication. Fed. R. Civ. P. 41(a)(2).

The Nation argues that the Estate's counterclaims should be dismissed because the Nation has not waived its sovereign immunity as to the counterclaims. Dkt. 59 at 4. "Federally recognized Indian tribes enjoy sovereign immunity from suit." *Pit River Home & Agr. Co-op Ass'n v. United States*, 30 F.3d 1088, 1100 (9th Cir. 1994). "Suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991). "[A] tribe's participation in litigation does not constitute consent to counterclaims asserted by the defendants in those actions." *McClendon v. United States*, 885 F.2d 627, 630 (9th Cir. 1989). "Although a counterclaim may be asserted against a sovereign by way of set off or recoupment to

defeat or diminish the sovereign's recovery, no affirmative relief may be given against a sovereign in the absent of consent." *United States v. Agnew*, 423 F.2d 513, 514 (9th Cir. 1970).

As a federally recognized Indian tribe, the Nation enjoys sovereign immunity to suit. This sovereign immunity extends to counterclaims. Thus, absent an express waiver of immunity by the Nation, the Court must dismiss any counterclaims brought by the Estate that are not claims in recoupment.

The Estate contends that the Nation waived its sovereign immunity by bringing this action in federal court. Dkt. 62 at 2. As discussed above, a tribe does not waive its immunity to counterclaims merely by initiating suit in federal court. *Okla. Tax Comm'n*, 498 U.S. at 509; *McClendon*, 885 F.2d at 630. Rather, the tribe must expressly waive its sovereign immunity. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) ("It is settled that a waiver of [tribal] immunity cannot be implied but must be unequivocally expressed."). Here, there is no evidence that the Nation has expressly waived its sovereign immunity to the Estate's counterclaims.

The Estate also argues that its counterclaims are claims for recoupment and thus not barred by the Nation's sovereign immunity. Dkt. 62 at 3. Counterclaims that sound in recoupment may be asserted against an Indian tribe. *Agnew*, 423 F.2d at 514; *see also Berrey v. Asarco Inc.*, 439 F.3d 636, 643–45 (10th Cir. 2006); *Rosebud Sioux Tribe v. Val-U Constr. Co. of S. Dakota, Inc.*, 50 F.3d 560, 562 (8th Cir. 1995). "Recoupment is a defensive action that operates to diminish the plaintiff's recovery rather than to assert affirmative relief." *Rosebud Sioux Tribe*, 50 F.3d at 562. "Claims in recoupment arise

1  out of the same transaction or occurrence, seek the same kind of relief as the plaintiff, and
2  do not seek an amount in excess of that sought by the plaintiff." *Pakootas v. Teck*
3  *Cominco Metals, Ltd.*, 632 F. Supp. 2d 1029, 1035 (E.D. Wash. 2009) (citing *Berrey*, 439
4  F.3d at 643).

5        The Estate fails to establish that its counterclaims are claims for recoupment.
6  First, the Estate's counterclaims do not arise out of the same transaction or occurrence as
7  the Nation's claims.  The Nation alleges that Edward Comenout failed to pay cigarette
8  taxes in violation of RICO and breached a contract.  Meanwhile, the Estate alleges that
9  the Nation wrongfully denied Edward Comenout "a right to have an interest" in land and
10  engaged in price fixing activities.  Neither counterclaim arises from the same aggregate
11  set of operative facts as the Nation's claims.  *See In re Lazar*, 237 F.3d 967, 979 (9th Cir.
12  2001).  Additionally, the Estate's counterclaims seek to obtain affirmative relief rather
13  than to diminish the Nation's recovery.  For these reasons, the Estate's counterclaims are
14  not claims for recoupment.

15        In sum, the Estate's counterclaims are barred by the Nation's sovereign immunity.
16  The Nation has not expressly waived its sovereign immunity as to the Estate's
17  counterclaims.  The Estate's counterclaims also do not constitute claims in recoupment.
18  Because the Court does not have jurisdiction over the Estate's counterclaims, the Court
19  grants the Nation's motion to dismiss the Estate's counterclaims.

20        **3.  Nation's Suit**

21        Because no counterclaims remain pending, the Court may grant the Nation's
22  motion to voluntarily dismiss this suit under Rule 41(a)(2).  Defendants have not

identified any legal prejudice that would result from dismissal. Accordingly, the Court grants the Nation's motion and dismisses this action without prejudice.

**B.     Estate's Motion to Amend**

The Estate moves to amend its answer and counterclaims. Dkt. 64. The Estate seeks to plead more specific facts for tortious interference and price fixing, as well as add facts for an abuse of process claim. *Id.* at 2. Having granted the Nation's motion to voluntarily dismiss this suit, the Court denies the Estate's motion as moot. Even if the Estate's motion was not moot, the Estate's proposed amendments would be futile in light of the Nation's sovereign immunity.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Nation's motions to dismiss (Dkt. 59) are **GRANTED**. The Estate's counterclaims are **DISMISSED** and this action is **DISMISSED without prejudice**. The Estate's motion to amend its counterclaim (Dkt. 63) is **DENIED as moot**. The Clerk shall close this case.

Dated this 23rd day of March, 2015.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7